### In re Richard Owen TAYLOR.

### No. 10–06–00359–CV.

Court of Appeals of Texas, Waco.

Nov. 22, 2006.

Richard Owen Taylor, Tennessee Colony, pro se.

Christopher Chance, Waco, for Valerie Annette Taylor.

Damon L. Reed, Reyna & Reyna LLP, Waco, for Interest of Z.A.T., K.M.T. & K.O.T.

## DISSENTING OPINION TO REQUESTING A RESPONSE

TOM GRAY, Chief Justice.

*Why?*

*Why?* It is a question that I asked frequently as a child.

*Why?* It is a question that was frequently critical to ask clients and opponents when I was practicing law.

*Why?* It is a question I find myself asking frequently as a judge.

*Why?* Why are we not dealing with the procedural impediments to this mandamus before requesting a response? The fee for filing is unpaid and the petitioner only filed one copy of the petition. Why not deal with those issues first? [1]

*Why?* Why are we requesting a response when there is no record upon which we can grant relief?

*Why?* Why are we requesting a response when there is clearly an implied ruling, and possibly an express ruling, on the very motion that the petitioner seeks to have us compel a ruling by the trial court?

This is a pretty simple petition. Taylor says he is entitled to obtain a ruling on a motion to clarify a prior order of the trial court regarding communications with his children. Taylor is in jail. He wants to have certain procedures regarding the manner in which he can communicate with his children reduced to an order so that if those procedures are violated that he can show that the mother of the children, the managing conservator, is in contempt of the order.

To effect that result, Taylor filed a motion for clarification of the divorce decree seeking a clarification of the procedures by which he could communicate with his children. In connection with a hearing on the matter, according to the petition, the trial court "instructed Richard [Taylor] that this case would only be heard if he raised it in a modification proceeding." While I am quoting from Taylor's petition, Taylor was not purporting to quote the trial court.

But if what Taylor says happened is even a close approximation of what the trial court told Taylor, it seems clear to me that the trial court has ruled by implica-

1. After the issues identified in this dissenting opinion were discussed, and without notice to me or the opportunity to participate in the decision by me, Taylor was granted pauper status. There was no effort by the majority to comply with Rule 5 or Rule 20.

tion on the motion, and may have expressly ruled on the motion. When the trial court told Taylor that, "if Taylor wanted relief on the issue, he needed to file a motion to modify," that is as clear an implied ruling, denying the motion to clarify, as I can imagine. *See* TEX.R.APP. P. 33.1(a)(2)(A). Because I cannot tell from the petition if the trial court's ruling was made in open court on the record, or in some other form, I am unable to determine if the specific word "denied" was used in response to the motion. But telling a litigant that they are not going to get any relief under the motion as filed, and telling the litigant that another form for requesting the relief is the only way the issue is going to be heard, is clearly a denial of the pending motion.

If we could properly address the merits of the petition, getting past the procedural impediments, I would deny the petition because the trial court has already ruled upon it. Because the majority requests a response, I respectfully dissent from their failure to address the procedural impediments in proper order, and to their request for a response.