Michael Don WATKINS and
$1937.00, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00001–CV.

Court of Appeals of Texas,
Waco.

May 30, 2007.

Michael Don Watkins, Bastrop, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ORDER

PER CURIAM.

Michael Don Watkins, who is incarcerated in a federal correctional facility, filed a notice of appeal on December 18, 2006, from a judgment in a forfeiture proceeding in the 414th District Court of McLennan County. On January 3, the Clerk notified Watkins that the filing fee of $125 was past due and should be paid within ten days. On January 29, the District Clerk of McLennan County notified us that the clerk's record had not been filed because the cost of preparation had not been paid, sending a copy of the letter to Watkins. On that same day, our Clerk notified him that he should pay or make arrangements to pay for the clerk's record within 21 days. On January 30, we once again notified Watkins that our filing fee was past due and should be paid within ten days. On February 20, 2007, Watkins filed in this court an "Affidavit in Support of Motion to Proceed In Forma Pauperis." On February 27, we forwarded a copy of the Affidavit to the District Clerk and the court reporter and stated that any contest of the Affidavit must be filed within 14 days.

On March 12, the District Clerk filed a contest of Watkins's affidavit, alleging that she received notice of the Affidavit on February 27, that the estimate for the cost of the clerk's record is $50, and that Watkins is not a pauper. She also alleges that the Affidavit was not timely filed "with or before the notice of appeal" and that it was filed with the wrong clerk. Finally, she asks that Watkins's right to proceed without advance payment of costs be denied and a date set by which he must pay. We notified Watkins of the contest on March 27, requesting submission of additional evidence within 21 days. On March 29, we again notified Watkins that the filing fee was past due, and on April 3 he responded by calling our attention to the pending Affidavit. He did not submit additional evidence in response to our request.

On April 20, we filed a reporter's record, which shows that the cost of preparation was $52.

Our initial inquiry addresses the timeliness of the Affidavit. Our Supreme Court has held that the failure to file such an affidavit is not jurisdictional and may be corrected. *Hood v. Wal–Mart Stores, Inc.*, 216 S.W.3d 829 (Tex.2007); *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex.2006). Thus, we find that the Affidavit is properly before us.

We next address the timeliness of the contest under the provisions of Appellate Rule 20. Because the Affidavit was filed in the appellate court, our Clerk set a deadline for filing a contest. Tex.R.App. P. 20.1(d)(2)(B). Because the District Clerk filed her contest within the time allowed, it was timely. *Id.* 20.1(e).

Finally, we turn to our decision about the Affidavit. *Id.* 20.1(h). The burden of proof rests with Watkins. *Id.* 20.1(g) ("If a contest is filed, the party who filed the affidavit must prove the affidavit's allegations."). In this instance, we requested additional evidence and will decide the contest based on the Affidavit and other timely filed documents. *Id.* 20.1(h)(2), (3); *see also id.* 20.1(g) (when party is incarcerated, the affidavit must be considered as evidence).

Watkins contends that the contest is not sufficient because the District Clerk did

not file it under oath. However, "the contest need not be sworn." *Id.* 20.1(e).

The costs are: $50 for the clerk's record, $52 for the reporter's record, and $125 for the appellate filing fee. The Affidavit shows that Watkins received income within the last 12 months. He describes the source and amount as: "Unicor Industries $2,500 a year." Based on the information before us, we find that Watkins can pay some of the costs. *Id.* 20.1(k). We will allocate payment among those officials to whom payment is due by requiring Watkins to pay the costs of the clerk's record and the reporter's record and by waiving the appellate filing fee. *See id.*

Payment for the clerk's record is due to the District Clerk of McLennan County within 45 days after the date of this order. *Id.* If payment is not made for the clerk's record within that time, the appeal will be dismissed for want of prosecution. *Id.* 37.3(b). Payment for the reporter's record is due to Teresa Santana, Official Court Reporter for the 414th District Court, within 90 days after the date of this order.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. *Id.* 12.1(b); Appendix to TEX.R.APP. P., Order Regarding Fees (July 21, 1998); *see also* TEX.R.APP. P. 5; 10TH TEX.APP. (Waco) Loc. R. 6; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.941 (Vernon 2005). To the extent necessary and under these circumstances, we suspend the rule and order the Clerk to write off all filing fees in this case. TEX.R.APP. P. 2; *see In re Williamson*, No. 10–07–00032–CV, 2007 WL 475343 (Tex.App.-Waco Feb.14, 2007, orig. proceeding) (Gray, C.J.).

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This opinion is in response to an order issued by a majority of the Court which sustains the district clerk's contest to appellant's affidavit of indigency, *i.e.*, denies indigency status to the appellant.

## BACKGROUND

On December 18, 2006 Watkins, acting as his own attorney while being incarcerated in a Federal prison, filed a notice of appeal of a judgment of the 414th District Court of McLennan County ordering the forfeiture of $1,837.00.[1] No affidavit of indigence was filed with the district clerk or with the clerk of this Court at that time. On January 3, 2007 a copy of the notice of appeal filed with the district clerk was forwarded to this Court and docketed as the first proceeding in this Court for 2007. On January 3, 2007 this Court also notified the appellant that a filing fee in the amount of $125.00 was due and should be paid within 10 days to prevent dismissal of this proceeding.

On January 29, 2007 we received correspondence from the McLennan County District Clerk's office that the clerk's record had not been filed due to the fact that the appellant, Watkins, had not paid the costs. On that date, the clerk of this Court notified Watkins that the clerk's record had not been filed apparently because Watkins had failed to pay or make arrangements to pay the clerk's fee for preparation of the record. The clerk gave Watkins 21 days after the date of the letter to pay or make arrangements to pay the clerk's fee and notify the Court of the actions taken. On the following day, January 30, 2007, the clerk notified Watkins

---

1. The difference between this amount and the amount in the style of the case will be explained later in this opinion.

that the filing fee in the amount of $125.00 was past due. The letter also noted that "unless appellant obtained indigent status for purposes of appeal under Texas Rule of Appellant Procedure 20, the payment of the filing fee is required." This January 30 letter gave Watkins 10 days from the date of the letter to make the payment.

On February 20, 2007 the clerk filed Watkins's affidavit of indigence in this Court. It does not appear that the affidavit of indigence was filed with the district clerk. TEX.R.APP. P. 20.1(c)(1). *But see* TEX.R.APP. P. 20.1(d)(2). On February 27, 2007, pursuant to Texas Rule of Appellate Procedure 20.1(d)(2), the clerk of this Court provided a copy of the affidavit of indigence to the district clerk and the official court reporter. The February 27, 2007 letter noted that any contest must be filed within 14 days of the date of this letter.

The notice to Watkins and the district attorney, as well as the district clerk, also notified the parties that the Court had determined that Texas Rule of Appellate Procedure 20.1(h) applied and requested the submission of additional evidence no later than 21 days after the date of the letter and that thereafter, without conducting a hearing, the Court would decide the contest based on the additional evidence and appellant's affidavit. *Citing* TEX. R.APP. P. 20.1(g) and (h)(3). On March 12, 2007 the district clerk filed a document referred to as "District Clerk's Motion to Contest Appellant's Affidavit of Indigence."

Notwithstanding the affidavit of indigence and the impending determination of the indigent status of Watkins, Watkins was again notified on March 29, 2007 that the original filing fee of $125.00 was past due. On April 6, 2007 Watkins, in response to our March 29, 2007 notice, pointed out to the clerk that the Court had not yet ruled on his indigence status and referenced a "Motion to Dismiss District Clerk's Motion to Contest Appellant's Indigence" filed with the district clerk on March 22, 2007. The reporter's record was received on April 19, 2007 and filed the next day. On that date, April 20, 2007, we notified the parties of the filing of the reporter's record. This Court has now, as promised, determined that the contest to Watkins's affidavit of indigence is to be sustained, in essence that the Court will deny the indigency determination. It is this determination that requires closer examination at this juncture.

## THE RELEVANT DOCUMENTS

There are two critical documents in connection with the determination that the Court has made. The first document is the "Affidavit in Support of Motion to Proceed In Forma Pauperis," also referred to as Watkins's affidavit of indigence. The second document is the "District Clerk's Motion to Contest Appellant's Affidavit of Indigence." Accordingly, I will set out each document verbatim below:

AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I, Michael Don Watkins BEING FIRST DULY SWORN, DEPOSE AND SAY THAT I AM THE PETITIONER IN THIS CASE; THAT IN SUPPORT OF MY MOTION TO PROCEED WITHOUT BEING REQUIRED TO PREPAY FEES, COST, OR GIVE SECURITY THEREFOR, I STATE THAT BECAUSE OF MY POVERTY, I AM UNABLE TO PAY THE COSTS OF THIS CASE OR TO GIVE SECURITY THEREFOR; AND THAT I BELIEVE THAT I AM ENTITLED TO REDRESS.

I FURTHER SWEAR THAT THE RESPONSES WHICH I HAVE MADE

TO THE QUESTIONS AND INSTRUCTIONS BELOW RELATING TO MY ABILITY TO PAY THE COST OF PROCEEDINGS IN THIS COURT ARE TRUE.

1. ARE YOU PRESENTLY EMPLOYED? YES ___ NO ✓

A. IF THE ANSWER IS YES, STATE THE AMOUNT OF SALARY OR WAGES PER MONTH AND GIVE THE NAME AND ADDRESS OF YOUR EMPLOYER.

ANS. _____

B. IF THE ANSWER IS NO, STATE THE DATE OF YOUR LAST EMPLOYMENT AND THE AMOUNT OF SALARY OR WAGES PER MONTH WHICH YOU RECEIVED.

ANS. 7–1995    $3000 a month

2. HAVE YOU RECEIVED ANY INCOME WITHIN THE LAST 12 MONTHS FROM A BUSINESS, PROFESSION, OR OTHER FORM OF SELF EMPLOYMENT, OR IN THE FORM OF RENT PAYMENTS, INTEREST, DIVIDENDS, OR OTHER SOURCES?

YES ✓ NO ___

A. IF THE ANSWER IS YES, DESCRIBE EACH SOURCE OF INCOME AND STATE THE AMOUNT RECEIVED FROM EACH DURING THE PAST 12 MONTHS.

ANS. Unicor Industries $2500 $^{00}$ a year

3. DO YOU OWN ANY REAL ESTATE, STOCKS, BONDS, NOTES, AUTOMBILES [sic], OTHER VALUABLLE [sic] PROPERTY (EXCLUDING ORDINARY HOUSEHOLD FURNISHINGS AND CLOTHING)? YES ___ NO ✓

A. IF THE ANSWER IS YES, DESCRIBE THE PROPERTY AND STATE IT'S [sic] VALUE._____

4. DO YOU OWN ANY CASH OR CHECKING ACCOUNTS OR SAVINGS ACCOUNTS?

ANS. YES ___ NO ✓

A. IF THE ANSWER IS YES, STATE THE TOTAL VALUE OF THE ITEMS OWNED. ___

5. LIST THE PERSONS WHO ARE DEPENDANT UPON YOU AND STATE YOUR RELATIONSHIP TO THOSE PERSONS.   N/A

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Michael D. Watkins

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 11 DAY OF February, 2007.

[Handwritten] Court of Appeals # 10–07–00001–CV

[Handwritten] Trial Court # 2002–390–5

## DISTRICT CLERK'S MOTION TO CONTEST

## APPELLANT'S AFFIDAVIT OF INDIGENCE

To the Honorable Judges of the Tenth Court of Appeals:

Now Comes Karen C. Matkin, District Clerk, of McLennan County, Texas, Movant and files this Motion Contesting the Affidavit of Indigence filed by the Appellant in this cause, Michael Don Watkins and $1,937.00, and requests that this Honorable Court assess the costs due to the District Clerk of McLennan County for the record and would show the Court as follows:

1. Notice of Appeal was given in the above matter on December 18, 2006. On February 20, 2007 the Appellant

filed with the Tenth Court of Appeals an affidavit of indigence requesting a free record. Notice was given to the District Clerk's Office of an affidavit of indigence by letter dated February 27, 2007.

2. The District Clerk estimates that the cost of the record is $50.00.

3. Movant requests that the Court disallow Appellant's affidavit of indigence for the following reasons:

    a. Appellant is not a Pauper and does not qualify under Tex.R.App. P. 20.1. for a free record. There are sufficient funds, assets or income available to Appellant to pay the costs of suit.

    b. Under the provisions of Tex. R.App. P. 20.1.(c)(1) an Appellant is required to file the affidavit of indigence at or before the filing of the notice of appeal in the trial court. Appellant failed to timely file the affidavit and filed the affidavit in an inappropriate location.

4. Movant asks the Court to assess costs against the Appellant and set forth a time by which the same must be paid or the appeal will be dismissed based on the record before it or in the alternative to set this matter for a hearing.

Wherefore Premises Considered, Karen C. Matkin asks the Court to deny the affidavit of indigence based on the record before it or to set this matter for hearing and to assess costs against the Appellant and set forth a time by which the same must be paid or the appeal will be dismissed and for such other and further relief to which she may be entitled under law.

    Respectfully submitted,
    MCLENNAN COUNTY DISTRICT CLERK
    Karen C. Matkin

    Karen C. Matkin, District Clerk
    PO Box 2451
    Waco, Texas 76703–2451
    254–757–5057

### Certificate of Service

I certify that on March 12, 2007 a true and correct copy of the District Clerk's Motion to Contest Appellant's Affidavit of Indigence was served by certified mail to Michael Don Watkins PO Box 1010, Bastrop, Tx., 78602–1010 and by hand delivery to John W. Segrest, 219 N. 6th Street, Waco, Tx., 76701.

    <u>Karen C. Matkin</u>

When I received the proposed order to sustain the contest to indigency, *i.e.,* deny Watkins's indigent status, I asked the basis upon which the Court was making this determination, and asked to see the proposed order again. I also noted my reason for questioning the recommendation as follows:

> The only evidence on the issue is the affidavit of indigence filed by the appellant. Because we must accept the affidavit as evidence on the merits because the party filing it is incarcerated, *see* TRAP 20.1(g), I would overrule the contest and allow affiant to proceed without the advance payment of costs. TRAP 20.1(h)(2).

In response, I received the following question: "Is the below [explanation that you provided] what you want on the letter order?" To this question, I responded: "What I want is an answer to my question. What I wrote below is why I have the question. I am hoping you will point out something I have overlooked so I can join your recommendation." In response I received the following:

That is not coming. Neither Felipe nor I have to explain or justify our votes to you. Furthermore, I do not want to see any response I might make in a concurring or dissenting opinion. You are as capable as I (maybe more) of evaluating the merits of this motion.

Accordingly, I proceeded with my independent analysis of the merits of the motion as set out below. However, after I prepared my independent analysis, the "Order on Indigency Contest" was received. As can be seen from the order, a partial explanation for the order's holding which denies only in part Watkins's status as indigent is provided. The independent analysis I had been compelled to perform already addressed this issue; thus, I have provided my entire analysis because it also addresses other potential issues of interest.

### POSSIBLY LATE

In my attempt to determine why the majority has sustained the contest, one consideration was that the affidavit of indigence was not considered because the majority determined that it was filed late. I note that this could be a possible ruling based upon the majority's recent holding in *Brewer*. *Brewer v. Simental,* No. 10–07–00094–CV, 2007 WL 1519632, 2007 Tex. App. LEXIS 4144 (Tex.App.-Waco May 23, 2007 order). In that proceeding, the majority determined that the appellant's deadline within which the affidavit of indigence must be filed to avoid having the matter referred to the Court for a dismissal due to nonpayment was by the date upon which the clerk required action. As I understand the majority's holding in that case, if the affidavit is not received by the date specified in the notice from the clerk within which the appellant must pay for the filing fee, the appeal can be dismissed. To that holding, I dissented. *Id.* (Gray, C.J., dissenting).

Nevertheless, if that is the basis for the majority's ruling in this appeal, I note that there is a disparity between the January 29 letter to Watkins and the January 30 letter to Watkins, both from the clerk. In the January 29 letter, Watkins had 21 days after the date of the letter within which to respond to the failure to pay the clerk's fee. But in the January 30 letter, Watkins was given only 10 days from the date of the letter to respond to the late payment of the filing fee in this Court before the matter would be presented to the Court for dismissal of the appeal. Thus, if the sustaining of the indigency contest is because the indigent's affidavit was not timely filed, I would disagree with that determination as well.

The affidavit of indigency was filed on February 20, 2007, the date that it was received. Nevertheless, it bears a posting date of February 16, 2007. Thus, under our January 29, 2007 correspondence in which Watkins was given 21 days to respond, the affidavit was timely filed. I note that filing by mail is timely if the document is received within 10 days after the deadline if certain conditions are met. *See* TEX.R.APP. P. 9.2(b)(1). It appears that the requirements of this rule were met in this case. Further, I do not believe that we can deny Watkins's access to the courts just because his indigence affidavit was not received by the deadline set by the clerk if it is actually received before the appeal is dismissed and it would not otherwise prejudice the Appellee. *Brewer* 2007 WL 1519632 at *1–2, 2007 Tex.App. LEXIS at *1–2 (Gray, C.J., dissenting).

### MERITS OF THE MOTION

Indigent persons have a right of access to utilize our court system. *See Griffin Indus. v. Honorable Thirteenth Court of Appeals,* 934 S.W.2d 349, 353 (Tex.1996)

("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in."). If a person establishes that they are indigent, absent extraordinary circumstances such as being determined to be a vexatious litigant, they may establish their indigence and can proceed without the advance payment of costs. TEX.R.APP. P. 20.1(a). If it is clear that the person is attempting to proceed as an indigent on appeal, that determination is made pursuant to Rule 20 of the Rules of Appellate Procedure. Specifically, Rule 20.1(a) provides the procedure for establishing indigence in civil cases. I note that the affidavit of indigence filed by Watkins was not timely filed according to Rule 20.1(c). But the Texas Supreme Court has reminded us that we cannot deprive a litigant of review just because the non-jurisdictional affidavit of indigence was not timely filed. *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899–900 (Tex.2006); *see also Hood v. Wal–Mart Stores, Inc.*, 216 S.W.3d 829 (Tex.2007). Further, I note that the affidavit of indigence filed by Watkins does not contain every item of information required pursuant to Rule 20.1(b). Generally, this Court has not required rigorous exactness to the requirements of the rules regarding indigency determinations. *See In re Long*, 211 S.W.3d 481 (Tex.App.-Waco 2007, dissent to order); *In re Taylor*, 205 S.W.3d 739 (Tex.App.-Waco 2006, dissent to order). What is required is sufficient evidence to support the determination that the affiant is currently unable to make payment for the filing fee, court cost, and other fees in connection with pursuing a proceeding in the courts of Texas. Further, I note if there is a deficiency in the form of the affidavit, we

would be required to give Watkins notice of the defect and allow "a reasonable time to correct or amend the defects or irregularities." *Higgins*, 193 S.W.3d at 899; *In re J.W.*, 52 S.W.3d 730, 732–733 (Tex. 2001.); TEX.R.APP. P. 44.3. We have not notified Watkins of a defect in the procedure, if any, including the form, of determining his indigence.

Likewise, if the affidavit of indigency is considered to be a non-conforming document because it does not comply with the specifications of the rule regarding an indigence affidavit, "the court must identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." TEX.R.APP. P. 9.4(i). We have not notified Watkins that his affidavit of indigency was a non-conforming document. Therefore, we cannot rely upon the omissions from the affidavit of indigency to rule on the district clerk's contest to Watkins's assertion that he is indigent.

Further, I note that the district clerk's contest of Watkins's affidavit of indigence does not constitute any evidence that Watkins is, in fact, not indigent.[2] It is simply a contest of his indigence filed pursuant to the rule. *See Griffin Indus. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex.1996) ("To overcome a prima facie showing, an opposing party must offer evidence to rebut what has been established."). Essentially, this contest is nothing more than a general denial, without any evidentiary value, which joins issue on Watkins's assertion that he is indigent. The affidavit of indigence filed by Watkins, however, is evidence which "must be considered as evidence and is sufficient to meet the indigent party's burden to pres-

---

**2.** It is outside the record and not relied upon by me, but Watkins also made this same observation in the "Motion to Dismiss District Clerk's Motion to Contest Appellant's Indigence" that Watkins filed with the district clerk on March 22, 2007.

ent evidence without the indigent party's attending the hearing" because the indigent party was incarcerated at the time the contest to the indigence status was determined. TEX.R.APP. P. 20.1(g).

Thus, the only evidence in this record of whether or not Watkins is indigent is his affidavit which we must now examine in detail.

### WATKINS'S AFFIDAVIT OF INDIGENCE

The entire affidavit as previously set forth contains nothing to indicate that at the time the payment for costs is due that Watkins has any disposable asset or access to sufficient funds to pay for the clerk's record, even though it is only approximated at $50.00. I note that the affidavit indicates that Watkins received from Unicor Industries $2,500.00 a year. If we were giving Watkins one year in which to make the payment for the clerk's record, I would not be adverse to determining he was not indigent for purposes of paying the clerk's fee. But without more information regarding when this money is received, the increments in which it is received, and the encumbrances upon these proceeds, or other expenses which must be paid from these proceeds when received, this meager and vague statement, given the other clear and unequivocal statements in the affidavit of having no disposable assets, does not support the determination that Watkins is presently able to pay the fees and expenses in connection with this appeal, including payment for the clerk's record.

Further, once Watkins has established a prima facie case of his indigence, a position accepted by the majority as evidenced by the waiver of the fees due at this Court, the burden shifts to the party opposing indigency to show why, how, or when the indigent party could pay fees and cost. *See Griffin Indus. v. Honorable Thirteenth Court of Appeals,* 934 S.W.2d 349, 352 (Tex.1996). The contestant in this proceeding, the district clerk, did not present any evidence in response to Watkins's prima facie showing of indigence.

Accordingly, based upon the foregoing analysis, I have been unable to determine any reason why the district clerk's contest to Watkins's indigent status should be sustained. Therefore, I would overrule the contest to Watkins's indigent status and order this proceeding to proceed without Watkins's advance payment of costs. Obviously, if Watkins is successful in this appeal, he would not be responsible for the costs which would be assessed against the State in a final judgment.

### REPORTER'S RECORD

One anomaly that I will briefly mention about this proceeding is revealed by the reporter's record. The reporter did not contest Watkins's indigent status and filed a reporter's record. The unpaid fee for that record is $52.00. The reporter's record of the hearing indicates that forfeiture is not for $1,937.00 as indicated by the style of the case, but instead is for $1,837.00. The difference is explained as being one $50.00 counterfeit bill included in the currency that was forfeited and an error in the amendment to the forfeiture petition of $50.00. I note that this $50.00 error may accrue to Watkins's benefit, but he does not have present access to the $50.00 and, therefore, still would be unable to utilize it for the advance payment of costs.

### THE MAJORITY'S REASON[3]

The majority gives absolutely no reason or basis for their determination. In fact,

---

3. As the reader will understand from the prior recitation of why I had to do an independent

as previously indicated, when I inquired about their reasoning, Justice Vance provided the following response:

That [explanation of the basis for sustaining the contest] is not coming. Neither Felipe nor I have to explain or justify our votes to you. Furthermore, I do not want to see any response I might make in a concurring or dissenting opinion. You are as capable as I (maybe more) of evaluating the merits of this motion.

Accordingly, I have no way of knowing, nor does the reader, why a majority of this Court has sustained the district clerk's contest to Watkins's assertion that he is indigent.

I had hoped that by obtaining the explanation we could come together on a reason to sustain or overrule the contest. But without the majority providing a reason for their ruling, I am unable to determine whether I agree with it or not.

I thought one of the primary reasons for an appellate court having published decisions on issues that are likely to repeat, like this one, was for the express purpose of according all litigants equal treatment. Only by knowing the reason for the decision is a subsequent litigant able to bring himself within the protections, or avoid the pitfalls, of previous holdings regarding similarly situated litigants. There is no way for Watkins to compare the result of this proceeding with other proceedings in which we have allowed the individual to proceed without the advance payment of costs. Watkins, as I am, is left to guess at the reasoning supporting the majority's determination of his status as not being indigent.

This is not the first case in which Justice Vance has refused to provide a reason for his decision. Personally, I can think of no

reason that a justice would be offended by having the reasons given for their ruling included in a concurring or dissenting opinion unless the reason being given would indicate that the ruling was based upon improper or unlawful reasons. In other words, if the judge or justice can provide a proper reason for the result, they should not be offended by its inclusion and discussion in a concurring or dissenting opinion. On the other hand, if the result or ruling is motivated by improper, irrational, or unlawful reasons, the judge or justice would have every incentive to not disclose the reason.

This should have been a fairly simple ruling by this Court. Nevertheless, it was passed back and forth between Justice Vance and me several times and ultimately resulted in my having to independently evaluate everything in connection with this determination. If I had been provided the reason for the majority's conclusion, I could have focused my research and response on the stated reason. Thus, by not stating the reason, and requiring me to conduct my own independent and complete review of the motion without guidance or direction, one justice has forced another justice to utilize an inordinate amount of resources to obtain a ruling on this one issue. I do not have this luxury with regard to every motion that crosses my desk. A cooperative spirit is required even if the justices disagree on the result. But to have one or more justices that refuse to engage in the process of coming to a decision by not explaining the basis for their decision should not be tolerated. However, I am powerless to do anything other than highlight the problem so that the bench, the bar, the parties, the higher courts, and the public at large are generally apprised of the situation.

analysis, this was prepared before the current       form of the order was prepared.

## CONCLUSION

Because I have been unable to find any basis to sustain the contest to Watkins's assertion that he is indigent, and based upon the only evidence in the record regarding that status, I would hold that the district clerk's contest to Watkins's indigency is overruled, determine that Watkins is indigent, and therefore is not required to pay the costs of proceeding in advance. Therefore, I would order the district clerk to provide the clerk's record to this Court without the advance payment of costs.