Junior Ray BROWN, Appellant

v.

Deborah D. ROBINSON, Appellee.

No. 10–08–00281–CV.

Court of Appeals of Texas, Waco.

Sept. 24, 2008.

Junior Ray Brown, Teague, pro se.

Deborah D. Robinson, Teague, pro se.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

Junior Ray Brown is appealing the trial court's dismissal of his civil suit. Brown, a prison inmate at the Boyd Unit in Teague, sued Debora D. Robinson, the head of the Boyd Unit's law library, for immediate injunctive relief under the Eighth Amendment's provision against cruel and unusual punishment. Brown's claim centers on Robinson's rule that any inmate in the library has a set time during his appointed library session to use the restroom, and if an inmate goes to the restroom before the set time, that inmate cannot finish his appointed library session.

Brown alleges that medication he has to take gives him diarrhea at times and that he has been told that if he uses the restroom before the set time, his appointed library session will be terminated. He claims that being forced "to hold back nature ... is Cruel and Unusual Punishment in nature." He requested immediate injunctive relief in the trial court.

Brown's suit was filed on July 21, 2008. On the next day, the trial court signed an order of dismissal, finding that Brown "failed to comply with any provisions set forth in Chapter 14" of the Texas Civil Practices and Remedies Code. See Tex. Civ. Prac. & Rem.Code Ann. ch. 14 (Vernon 2002). Robinson was not served with citation and Brown's petition, nor did she make an appearance.

The nine-page Clerk's Record has been filed, and it consists of three documents: Brown's petition; the order of dismissal; and the notice of appeal. The cost of the Clerk's Record is $24.00. Brown has filed with us his declaration of inability to pay costs, stating that he has no source of income, no money in his inmate trust fund, owns no realty, stocks, bonds or bank account, and receives no money or income from any source. He receives approximately $50.00 per month as a gift from relatives or friends.

Brown should have filed his declaration in the trial court. See Tex.R.App. P. 20.1(c)(1). To conserve time and resources (ours and the trial court's), in the past we have in appropriate cases forwarded the appellant's declaration (or affidavit of indigence) to the trial court clerk and court reporter and allowed them time to contest the declaration or affidavit. See Watkins v. State, 226 S.W.3d 737, 738 (Tex.App.-Waco 2007, order).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. Tex.R.App. P. 12.1(b); Appendix to Tex.R.App. P., Order Regarding Fees (July 21, 1998); see also Tex.R.App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov't Code Ann. §§ 51.207(b), 51.941 (Vernon 2005). In this appeal, we believe it would be a senseless waste of our and the trial court's time and resources were we to abate this appeal and remand the cause to the trial court for it to determine Brown's indigence. Accordingly, under these circumstances, we find that Brown is indigent, suspend Rules 5 and 12.1, and order the Clerk to write off all filing fees in this case. Tex.R.App. P. 2; see In re Williamson, No. 10–07–00032–CV, 2007 WL 475343 (Tex.App.-Waco Feb.14, 2007, orig. proceeding).

(Chief Justice Gray dissents to the order with a note).*

* ("Subsequent to the procedure we used in *Watkins v. State*, we realized that we had not followed Rule 20.1 as then written. Realizing our error, we subsequently utilized a different procedure. If the affidavit of indigence from a direct appeal was erroneously filed with the appellate court, we would either inform the appellant that it must be filed with the trial court clerk or we would forward a copy to the trial court clerk so that the trial court clerk could perform the duties as required by Rule 20.1(d)(1). The rule as amended, effective September 1, 2008, now requires a different procedure. The new procedure requires the appellate court clerk to send a copy to the trial court clerk and the court reporter (the opposing parties should be served pursuant to the rules for service of all filings) [1] and specify the deadline by which a contest to the affidavit must be filed. The comment to the rule change specifically states that this procedure is to be applied to those affidavits erroneously filed with the appellate court clerk rather than the trial court clerk. Thus the amended rule codifies the procedure we used, though at the time erroneously, in *Watkins v. State*. The rule is designed to protect the trial court clerk and the court reporter from having to bear the cost of preparing the record by allowing them, as well as the parties to the proceeding, to contest the affidavit of indigence and put the appellant to his proof.

I would follow the rule as amended. I do not believe this is a proper circumstance to use Rule 2. I respectfully dissent to the Court's Order.")

1. The affidavit of indigence does not contain the required proof of service. In this proceeding this is not a problem because there are no other parties because the trial court dismissed the proceeding under Chapter 14 before the defendant was served with citation.