NO. 07-09-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 11, 2009

_____

IN RE MERCHANT DERLES JONES, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Merchant Derles Jones, has filed a petition for writ of mandamus[1] complaining of the Honorable Abe Lopez's order authorizing the Texas Department of Criminal Justice-Institutional Division to make payment to the Potter County District Clerk out of his inmate trust account. For the reasons explained herein, we deny Relator's petition.

---

[1]Relator, an inmate, did not pay a filing fee nor file an affidavit of indigence in this original proceeding. To avoid the waste of the judicial resources that would be required to formally determine Relator's status, we apply Rule 2 of the Texas Rules of Appellate Procedure and suspend the operation of Rules 5 and 12, for the limited purpose of permitting Relator to proceed on this matter *in forma pauperis*. *See Brown v. Robinson*, 262 S.W.3d 928 (Tex.App.–Waco 2008, no pet.). *See also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006).

Other than a general request for mandamus relief, Relator does not specify what ministerial act he seeks to compel. Neither has Relator complied with Rule 52.3 of the Texas Rules of Appellate Procedure. That rule requires one seeking extraordinary relief, such as a writ of mandamus, to include with his petition the identity of all parties and counsel, table of contents, index of authorities, statement of the case, statement of jurisdiction, issues presented, statement of facts, argument, prayer, and an appendix. In addition, the appendix must include, among other items, a certified or sworn copy of the order or document complained of. In this case, the order complained of is the order which Relator alleges authorized funds from his inmate trust account to pay court costs to the Potter County District Clerk. Notwithstanding that Relator is proceeding pro se, he is still obligated to comply with rules of procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied). The deficiencies of Relator's petition include, but are not limited to, the absence of a certified or sworn copy of the order complained of.

Accordingly, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice

2